NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0498n.06
Filed: July 16, 2007

Case No. 06-1835

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| KEITH EARL EDGERSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  BATCHELDER and COLE, Circuit Judges; PHILLIPS,[*] District Judge.

ALICE M. BATCHELDER, Circuit Judge.  On April 14, 2005, Keith Edgerson voluntarily surrendered to Detroit police outside the apartment of his girlfriend, Torrina Manley, where he had been staying for at least two weeks.  Officers arrived at the apartment on a tip that Edgerson was armed and had been dealing marijuana.  They knocked at the door and, after a delay of 25 minutes, Edgerson exited the house with two other men.  The police determined that none was armed or carried any contraband, and arrested Edgerson pursuant to a warrant.

The police then made a brief warrantless entry into the home under the auspices of a "protective sweep."  Approximately 25 minutes later, Ms. Manley arrived and identified herself as the sole leaseholder.  She signed a handwritten "consent to search" at the scene, and minutes later signed another, this time on an official form.  At the time she gave consent, Ms. Manley did not

_____

[*]The Honorable Thomas W. Phillips, United States District Judge for the Eastern District of Tennessee, sitting by designation.

know that the protective sweep had occurred, although she could see that Edgerson had been arrested.

The subsequent search revealed 288.1 grams of marijuana, and Edgerson directed police to a handgun hidden under the stove. The federal grand jury indicted Edgerson for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); possession of a stolen firearm, in violation of 18 U.S.C. § 922(j); possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Edgerson filed a motion to suppress, claiming that the police performed the search and seizure at the apartment without a warrant or valid consent, and therefore violated his Fourth Amendment rights.

At the evidentiary hearing, the district court found the police testimony credible and "remain[ed] unpersuaded" by Manley's affidavit that the police had intimidated her into giving consent. The court therefore denied the motion. Edgerson pleaded guilty to all counts, reserving his right to appeal the denial of his motion to suppress. We review the district court's legal determinations *de novo*, but examine "findings of historical fact only for clear error and [] give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Ornelas v. United States*, 517 U.S. 690, 699 (1996).

A protective sweep of a residence, conducted after an arrest has been made outside the residence, is justified only if the officers can demonstrate an articulable basis for their reasonable belief "that *someone else inside the house* might pose a danger to them." *United States v. Colbert*, 76 F.3d 773, 777 (6th Cir. 1996). Here, the government contends that the police had an articulable fear because one officer saw movement inside the house before Edgerson surrendered and because

2

the tip contained information that Edgerson was armed. The dangerousness of an individual already in custody, however, "is not germane to the inquiry whether the police may conduct a protective sweep." *Id*. Consequently, the government has not demonstrated any articulable facts that would lead to the rational inference of a threat *after* Edgerson had surrendered, unarmed. *See id.*; *Maryland v. Buie*, 494 U.S. 325, 334 (1990). We therefore disagree with the district court's conclusion that the initial "protective sweep" was lawful, and must consider the effect of Ms. Manley's consent.

When the prosecution seeks to justify a warrantless search with proof of voluntary consent, it need not demonstrate that the defendant gave consent if it can show that a co-tenant with "[her] own right" to permit the inspection consented to the search, and no present co-tenant objects. *United States v. Matlock*, 415 U.S. 164, 171-72 (1974). Like the defendant in *Matlock*, Edgerson was in custody, and was not present when Ms. Manley gave her consent. Edgerson argues that the taint of the initial illegal entry invalidates Ms. Manley's consent. *See United States v. Buchanan*, 904 F.2d 349, 355-56 (6th Cir. 1990). Although the protective sweep was unlawful, Ms. Manley was not aware that it had occurred when she gave her consent, and she was not facing arrest herself. Moreover, the district court expressly found that the drugs and the gun were "discovered without reference to the police error or misconduct," and "there is no nexus sufficient to provide a taint." *See Nix v. Williams*, 467 U.S. 431, 448 (1984). Edgerson has failed to demonstrate clear error.

Based on the foregoing, we hold that, because the search was conducted pursuant to Ms. Manley's valid consent, the evidence obtained is admissible. We **AFFIRM** the district court's denial of Edgerson's motion to suppress.